**John A. CORDOVA, Plaintiff,**

v.

**Togo D. WEST, Jr., Secretary of the Department of the Army, Defendant.**

**No. 94–D–1710.**

United States District Court, D. Colorado.

May 17, 1996.

Juan E. Vigil, Denver, CO, for Plaintiff.

George E. Gill, John A. Sbarbaro, Assistant U.S. Attorneys, Denver, CO, for Defendant.

### MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant's Supplemental Motion for Summary Judgment. In the Motion, Defendant Togo D. West, Jr. ("West") moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment with respect to Plaintiff John A. Cordova's ("Cordova") employment discrimination claim. Cordova asserts that West discriminated against him based on his national origin (Hispanic) in violation of Title VII of the Civil Rights Act of 1964

1. The Court notes that the Title VII claim is the only remaining claim to this action. Cordova's claim pursuant to 28 U.S.C. § 1343(a)(2) was voluntarily withdrawn by Cordova and dismissed by this Court by Order dated November 20, 1995.

(Title VII), as amended, 42 U.S.C. § 2000e *et seq.*[1]

Turning to Plaintiff's factual assertions, as viewed in the light most favorable to him, Cordova is employed by the Department of the Army (hereinafter "the Agency"). He claims that he was unlawfully discriminated against and denied due process rights when the Agency failed to select him for a supervisory position. This position was the Construction and Maintenance Foreman, WS–4701–10, in the Facilities Engineering Branch of the Engineering and Logistics Division at the Pueblo Depot Activity.

Cordova asserts that he was one of four candidates certified by the Agency as being the best qualified for the position. As part of the selection process, the candidates were referred for an evaluation by the Agency's assessment center. On the morning the candidates were to be interviewed by the assessment center panel, Cordova received a call at work from his wife who advised that Cordova's father had suffered a stroke. Cordova informed the personnel office that he would be unable to attend the interview because of a personal emergency and left town for three days. During Cordova's absence, the panel proceeded with the interviews of the other candidates without making any attempt to reschedule Cordova's interview. Cordova alleges that on August 21, 1991, the day after the scheduled evaluation of the candidates at the assessment center, a less qualified white male who had been previously detailed into the position in question was selected for the position. Cordova asserts that the Civilian Personnel Office at Toole, Utah and the Pueblo Depot Activity both have histories of discrimination complaints because of their practice of selecting less qualified caucasian candidates.

Cordova filed a formal claim of discrimination with the Agency. His claim was investigated and an ultimate finding of no discrimination was made by the Agency in a written decision dated May 20, 1993.[2] Cordova then

2. The Agency expressly rejected an Administrative Law Judge's ruling which had found discrimination based on national origin and recommended an award in favor of Cordova.

appealed to the Equal Employment Opportunity Commission ("EEOC"). The EEOC's Office of Federal Operations, through a written decision dated November 30, 1993, affirmed the Agency's final action and found that Cordova's nonselection for the position of Construction and Maintenance Foreman was not based on discrimination.

Through his complaint in this case, Cordova seeks (i) a permanent injunction enjoining the Agency from engaging in any employment practice which discriminates on the basis of his national origin (Hispanic), (ii) an order to West and the Agency to initiate and carry out policies, practices and programs which provide equal employment opportunities for Hispanics and which eradicate the effects of past and present unlawful employment practices and (iii) an order to make Cordova whole by awarding full back pay with prejudgment interests, promotion, seniority, benefits and back pay, compensatory damages, instatement into the position or front pay, costs and attorneys' fees.

## II. ANALYSIS

### A. Legal Standard for Summary Judgment

In considering a motion for summary judgment, the Court is mindful that "summary judgment is a drastic remedy" and should be awarded with care. *Conaway v. Smith*, 853 F.2d 789, 792 n. 4 (10th Cir.1988). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether a movant has satisfied the burden imposed by Rule 56, all factual disputes and inferences must be drawn in favor of the nonmoving party. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir.1980). As the Supreme Court stated in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.* at 322–23, 106 S.Ct. at 2552, (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1985)).

### B. Plaintiff's Title VII Claim

■ Plaintiff's employment discrimination claim is governed by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), wherein the Supreme Court "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2746, 125 L.Ed.2d 407 (1993). Under the procedure established by *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. A prima facie case is established by showing that: (1) the plaintiff is a member of a protected class; (2) he applied for and was qualified for an available position; (3) despite his qualifications, he was not hired; and (4) the position remained open as the employer continued to search for applications or the position was filled by a person not of the protected class. *Id; See also Randle v. City of Aurora*, 69 F.3d 441 (10th Cir.1995).

■ If plaintiff establishes a prima facie case, then the burden of production shifts to the defendant to present evidence that it had a legitimate nondiscriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802–03, 93 S.Ct. at 1824–25. Based on the evidence presented, if any rational person would have to find the existence of facts constituting a prima facie case and the defendant fails to meet its "burden of production—

i.e., has failed to introduce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," judgment must be awarded to the plaintiff as a matter of law. *St. Mary's*, 509 U.S. at 509, 113 S.Ct. at 2748.

◼ Conversely, if the defendant meets its burden of production, the presumption of discrimination is rebutted and "simply drops out of the picture." *Id.* at 511, 113 S.Ct. at 2749. The plaintiff must then demonstrate that the defendant's proffered explanation is pretextual. *Id.* Evidence of pretext, plus the establishment of a prima facie case, is sufficient to avoid summary judgment, and plaintiff is not required to present direct evidence of an illegal discriminatory motive. *Reynolds v. School Dist. No. 1,* 69 F.3d 1523 (10th Cir.1995). On the other hand, failure by the plaintiff to come forward with evidence of pretext will entitle the defendant to summary judgment. *Id.* Although the *McDonnell Douglas* framework shifts the burden of production to defendant after a prima facie case is shown, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's,* 509 U.S. at 507, 113 S.Ct. at 2747.

Defendant West contends that no genuine issue of material fact exists and that judgment is appropriate as a matter of law on Cordova's Title VII claim because: (i) Cordova has not established a prima facie case of discrimination; (ii) West indisputably articulates a legitimate nondiscriminatory reason for the alleged adverse action; and (iii) Cordova has presented no evidence of pretext. Having carefully examined the summary judgment pleadings and evidence, the relevant case law and the entire file, I agree that summary judgment is appropriate.

◼ Contrary to West's argument, I find that Cordova has established a prima facie case of discrimination. Cordova presented evidence that (i) he was a member of a protected class; (ii) he applied for and was qualified for an available position; (iii) despite his qualifications, he was not hired; and (iv) the position was filled by a person not of the protected class. Next, I find that

West has articulated legitimate, nondiscriminatory reasons for the alleged adverse actions, which are: (i) individuals from Toole Army Depot in Utah who participated in the assessment center were scheduled to leave immediately after the assessment, thus precluding any delay or rescheduling of the assessment; (ii) all applicants were equally considered for the position, including Plaintiff; (iii) the assessment center consisted of a multi-step process to assist the selecting official in determining the best qualified candidate and interviews were the first stage of the process; and (iv) members of the assessment panel, including an Hispanic member, stated under oath that Plaintiff was not the best qualified applicant and another employee (other than Plaintiff) would have been the second choice for the position.

◼ Thus, the presumption of discrimination has been rebutted and Cordova must present evidence that West's reasons were pretextual in order to avoid the entry of summary judgment. Cordova, however, seems to misunderstand the necessity of this proof since he argues that summary judgment should not be granted since he has established a prima facie case of discrimination which is proven by circumstantial evidence of discrimination. Cordova further argues that summary judgment is rarely appropriate when dealing with questions of intent or motive, such as is generally at issue in employment cases. Although it is true that summary judgment is rarely appropriate when a plaintiff raises questions of intent or motive, I find that this rule has no application where plaintiff has failed to present any evidence of pretext, one of the essential elements of his claim.

Cordova asserts that there are genuine issues of material fact in this case concerning why (i) the Agency failed to delay the assessment center panel or to allow Cordova to participate at a later date; (ii) he was only evaluated on his application, and (iii) he was determined not to be the best qualified candidate. He further asserts that the selection process was conducted in a manner from which discrimination can be inferred. In support of these arguments, Cordova alleges,

without any supporting evidence, that (i) he was not given a fair opportunity to compete for the position; (ii) as a minority candidate he was not given "equal and fair consideration" in the employment; (iii) testimony from Agency witnesses who testified at the administrative proceeding were in conflict as to whether Cordova could have been selected without participating in the assessment center and established that there was no real reason to fill the position immediately; (iv) the selectee, named Roy, had served a 120 day detail in the position prior to being selected and two Hispanic females testified that they had heard one of the panel members refer to the assessment center as "Roy's assessment" or the position as "Roy's position;" and (v) the Administrative Law Judge found that Cordova had more relevant experience than the selectee and was better qualified, the assessment center could have been delayed, and the selectee had been preselected for the position in question.

Cordova argues that these allegations are sufficient to create a genuine issue of material fact, since in a discrimination case a plaintiff is not required to offer some evidence other than his subjective belief and is not required to put forward any witness other than himself in order to defeat a motion for summary judgment. Cordova further asserts that "no rule of law exists that the testimony of a discrimination plaintiff standing alone cannot defeat a motion for summary judgment," citing *Jackson v. University of Pittsburgh*, 826 F.2d 230 (3rd Cir.1987).

What Cordova fails to recognize is that while, as a general proposition, the plaintiff's testimony alone may be sufficient to establish the elements of a discrimination case, a plaintiff still has to present specific factual evidence showing that there is a genuine issue of material fact as to the pretext element in order to avoid summary judgment. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial. *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 492 (10th Cir.1992) (quoting *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553). Unsubstantiated allegations carry no weight in summary judgment proceedings. *Phillips v. Calhoun*, 956 F.2d 949, 951 (10th Cir.1992). Mere conjecture by a plaintiff that his or her employer's explanation is a pretext for discrimination is an insufficient basis for denial of summary judgment. *Branson v. Price River Coal Co.*, 853 F.2d 768, 771–72 (10th Cir.1988); *see also Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410 (10th Cir.1993) (conclusory statements are insufficient to defeat a motion for summary judgment); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1161 (10th Cir.1991) (plaintiff's allegations do not constitute evidence of discriminatory intent and therefore do not raise factual questions about pretext). As the Fifth Circuit explained in the related context of age discrimination:

> It is clear ... that the plaintiff's summary judgment proof must consist of more than 'a mere refutation of the employer's legitimate nondiscriminatory reason.' To demonstrate pretext, the plaintiff must do more than "cast doubt on whether [the employer] had just cause for its decision;" he or she must 'show that a reasonable factfinder could conclude that [the employer's] reason[ ] [is] unworthy of credence.' Specifically, '[t]here must be some proof that age motivated the employer's action, otherwise the law has been converted from one preventing discrimination because of age to one ensuring dismissals only for just cause to all people over forty.'

*Moore v. Eli Lilly & Co.*, 990 F.2d 812, 815–16 (5th Cir.1993) (citations omitted), cited with approval by the Tenth Circuit in *Wolenski v. Manville Corp.*, 19 F.3d 34 (10th Cir. 1994) (unpublished opinion).

Applying the above authority to this case, Cordova's response does not establish a genuine issue of material fact as to pretext. It fails to present any specific facts through affidavit, deposition testimony or otherwise as to why West's reasons given for the alleged adverse actions are merely pretextual or unworthy of credence. Instead, Cordova relies merely on conclusory statements, conjecture and speculation to refute West's stated legitimate nondiscriminatory reasons. Accordingly, I find that West's Supplemental

Motion for Summary Judgment should be **GRANTED.**

## III. CONCLUSION

For the above stated reasons, it is OR-DERED that Defendant Togo D. West, Jr.'s Supplemental Motion for Summary Judgment is **GRANTED** and this action is DISMISSED. Based on this ruling, the Court need not decide the merits of Defendant's Motion and Amended Motion to Strike and to Dismiss, or for Summary Judgment, filed September 26, 1994 and October 5, 1994, respectively. Accordingly, it is further OR-DERED that those motions are DENIED as moot.