944 F.2d 743
 56 Fair Empl.Prac.Cas. (BNA) 1462,
57 Empl. Prac. Dec. P 40,936
J. Fred FALLIS, Plaintiff-Appellee/Cross-Appellant,
v.
KERR-McGEE CORPORATION, Defendant-Appellant/Cross-Appellee.
 Nos. 89-6304, 89-6318.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 10, 1991.
 
 Ben A. Goff of Goff and Meador, Dallas, Tex., for plaintiff-appellee/cross-appellant.
 Carolyn Gregg Hill, Oklahoma City, Okl., for defendant-appellant/cross-appellee.
 Before ANDERSON, BARRETT and TACHA, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Defendant Kerr-McGee Corporation appeals from a district court judgment awarding plaintiff J. Fred Fallis jury-determined damages and attorney's fees on a claim brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.[1] Plaintiff cross-appeals challenging the size of the damages verdict and the district court's calculation of attorney's fees. Because we conclude that plaintiff failed to present a triable issue of age discrimination and, therefore, hold that Kerr-McGee is entitled to judgment as a matter of law, we do not reach the matters raised on plaintiff's cross-appeal. See Mitchell v. Mobil Oil Corp., 896 F.2d 463, 473 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990).
 
 
 2
 Plaintiff was terminated in March 1986 by Kerr-McGee when he was fifty-three years old and employed as a senior exploration geologist. Kerr-McGee's explanation was that plaintiff was let go along with other geologists during a reduction in force necessitated by economic conditions. The decision to terminate plaintiff and the other geologists, according to Kerr-McGee, was based solely on their location and their 1985 performance evaluations.
 
 
 3
 Under Kerr-McGee's evaluation system, plaintiff's performance was assessed by his supervisor on three grounds: (1) what work he did, i.e., the quality and quantity of his work and his effectiveness in meeting job-related objectives; (2) how he worked, i.e., his demonstrated job knowledge and his effectiveness in working with normal supervision, planning and organizing job assignments, working with others, and communicating; and (3) his skills, i.e., analytical ability, judgment, initiative, dependability, and ability to meet deadlines. See Addendum to Opening Brief of Appellant at 2. The evaluation system called for utilizing these factors to assign plaintiff an overall performance score on a scale of 1 to 5, with 1 the highest performance level and 5 the lowest.
 
 
 4
 Plaintiff, in 1985, was initially rated a "4" by his immediate supervisor. However, when his performance was ranked with that of other geologists at Kerr-McGee and fitted into a bell curve, plaintiff was the lowest ranked geologist. Therefore, plaintiff's "4" rating was changed to a "5." According to Kerr-McGee, United States-based geologists whose performances were rated "4" or "5" were let go in the March 1986 reduction in force.
 
 
 5
 At the trial, Kerr-McGee moved for a directed verdict at the close of the evidence and, later, for judgment notwithstanding the verdict (JNOV), in both instances insisting that as a matter of law, plaintiff had not met his burden of proof on the elements of age discrimination. The district court denied both motions. These twin rulings, see Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988), claim our de novo review under the same standard applied by the district court, Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex. R.R., 812 F.2d 1290, 1292 (10th Cir.1987). That is, "[w]e will reverse the trial court's denial of a motion for a directed verdict or [JNOV] only if, viewed in the light most favorable to the nonmoving party, the evidence and all reasonable inferences to be drawn therefrom point but one way, in favor of the moving party." Mitchell, 896 F.2d at 467.
 
 
 6
 At this stage in the proceedings, after a full trial on the merits, the sequential analytical model adopted from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-04, 93 S.Ct. 1817, 1823-25, 36 L.Ed.2d 668 (1973), consisting of (1) the plaintiff's prima facie case of age discrimination, (2) the defendant's legitimate business justification, and (3) the plaintiff's rebuttal showing of pretext and/or improper motivation, which guided the trier's consideration of this case, drops out and we are left with the single overarching issue whether plaintiff adduced sufficient evidence to warrant a jury's determination that adverse employment action was taken against him on the basis of age. Messina v. Kroblin Transp. Sys., Inc., 903 F.2d 1306, 1308 (10th Cir.1990); see also Pitre v. Western Elec. Co., 843 F.2d 1262, 1266 (10th Cir.1988). In his appellate brief, plaintiff raises numerous factual claims which he asserts could justifiably lead a reasonable jury to conclude that Kerr-McGee discharged him on the basis of his age. See Brief of Appellee at 3-8.[2] We will take each of plaintiff's factual claims individually.
 
 
 7
 First, plaintiff asserts that Kerr-McGee's performance rating system was inherently biased against older workers. To support this argument, plaintiff points out that first-year employees were excluded from the evaluation scheme. Plaintiff also relies on testimony at trial from his supervisors for the years 1981-85 who evaluated plaintiff's performance and stated that plaintiff was in a high-level position and more was expected of him than lower-level, presumably younger, geologists. See Tr. pp. 132, 151-52. Apparently, plaintiff believes that the higher standard he was held to should have been taken into account when the March 1986 reduction in force was implemented.
 
 
 8
 In our view, plaintiff's specific arguments merely indicate that age may have entered indirectly into the decision to terminate him, but plaintiff fails to establish that the decision was not controlled by other nondiscriminatory factors. Not evaluating first-year employees when there is no basis upon which to assess their performance does not suggest age discrimination. Similarly, Kerr-McGee's evaluation of plaintiff on a higher standard than that used on younger, less experienced geologists who were not in plaintiff's position also does not raise an inference of age discrimination. The pivotal issue, in our view, is whether it was a sham to hold plaintiff to such higher expectations. If other geologists similarly situated to plaintiff were not held to higher standards vis-a-vis lower-level geologists, or if all geologists at Kerr-McGee essentially did the same type of work and plaintiff's duties or responsibilities as a senior exploration geologist were no different from other geologists, then Kerr-McGee's evaluation of plaintiff under criteria different from that used on other geologists could support an inference of age discrimination. However, plaintiff presented no evidence to indicate that Kerr-McGee could not justifiably evaluate him under standards higher than those applied to lower-level, younger geologists. Thus, plaintiff has not established any unfairness in Kerr-McGee's evaluation scheme that would support an inference of age discrimination.
 
 
 9
 That said, the next question is whether it was permissible for Kerr-McGee to terminate plaintiff without taking into account the higher standard plaintiff was held to. In our view, the failure to take into account the higher standard would only be a problem if plaintiff had some right to compete with the other Kerr-McGee geologists for the lower-level geologist positions that remained following the March 1986 reduction in force. If this were the case, then all geologists at Kerr-McGee would have been competing for the same positions, and plaintiff would have been denied one of those positions because of a standard not applicable to those positions and not applied to other geologists. However, as with the absence of evidence that Kerr-McGee's method of evaluating plaintiff was a sham, plaintiff has failed to establish that he had any rights, regardless the source, to compete for the remaining lower-level geologist positions. The only job open to plaintiff was senior exploration geologist. His performance was measured against the yardstick appropriate for that job, and he failed to measure up. This does not evidence age discrimination.
 
 
 10
 As his next theory of discrimination, plaintiff argues that statistical evidence regarding the geologists terminated by Kerr-McGee during the March 1986 reduction in force supports an inference of age discrimination. The statistical evidence in this case shows that Kerr-McGee employed fifty-one nonmanagerial geologists, including plaintiff, at the time of the March 1986 reduction in force. See Tr. 197 (testimony of Gene Ratcliff, vice president of exploration in oil and gas division of Kerr-McGee). Of those fifty-one geologists, forty-two were under forty, and nine were over forty. Id. As a result of the March 1986 reduction in force, four of the forty-two geologists under forty, i.e., 10%, were laid off, while three of the nine geologists over forty, i.e., 33%, were let go. Id.[3]
 
 
 11
 It is uniformly recognized that statistical data showing an employer's pattern of conduct toward a protected class can create an inference that an employer discriminated against individual members of the class. See Barnes v. GenCorp Inc., 896 F.2d 1457, 1466 (6th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990). However, we believe there are two problems with plaintiff's statistical evidence which renders it insufficient to raise a jury question on the ultimate question of age discrimination. First, the group of nonmanagerial geologists over forty, which consists of only nine geologists, is too small to provide reliable statistical results. Random fluctuations regarding the retention or termination of just one or two geologists within this group during the March 1986 reduction in force would have had an enormous impact on the percentage of geologists over forty who survived the reduction in force. Consequently, such a small statistical sample carries little or no probative force to show discrimination. See Simpson v. Midland-Ross Corp., 823 F.2d 937, 943 (6th Cir.1987); Sengupta v. Morrison-Knudsen Co., Inc., 804 F.2d 1072, 1075-76 (9th Cir.1986); Coates v. Johnson & Johnson, 756 F.2d 524, 541 (7th Cir.1985); Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir.1984).
 
 
 12
 Second, in order for statistical evidence to create an inference of discrimination, the statistics must show a significant disparity and eliminate nondiscriminatory explanations for the disparity. Barnes, 896 F.2d at 1466. In other words, a plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between comparable individuals. See Segar v. Smith, 738 F.2d 1249, 1274 (D.C.Cir.1984), cert. denied, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). In this case, therefore, in order for the disparate percentage of geologists over forty laid off in March 1986 to have probative significance, there must be evidence that these geologists had positions and performance ratings that were comparable to the geologists under forty who were retained. The evidence, however, plainly indicates that the geologists terminated in March 1986 were let go because they had lower proficiency ratings than the geologists retained. There is no evidence that the under-forty geologists retained did not, in fact, have higher performance evaluations than the over-forty geologists terminated. Because there is a nondiscriminatory explanation for the disparate treatment between the geologists under forty and the geologists over forty by Kerr-McGee, the statistics relied on by plaintiff do not permit an inference of age discrimination.
 
 
 13
 As his final theory of discrimination, plaintiff asserts that (1) his 1985 performance evaluation was not an accurate reflection of his abilities and he was a better qualified geologist than the younger geologists retained, and (2) Kerr-McGee did not follow written procedures in an employee handbook regarding reductions in force which states that layoffs will be based on "qualifications" and, if two or more employees have equal qualifications, then on seniority. In support of these arguments, plaintiff relies on his own testimony regarding his work and the conclusory testimony of other geologists at Kerr-McGee who considered plaintiff a good performer. The trouble with these arguments is that they are merely general disagreements with Kerr-McGee's evaluation of which geologists were best able to guide the company through a difficult economic time. Under the law of this circuit, even if the jury chose to believe plaintiff's assessment of his performance rather than Kerr-McGee's, that choice, standing alone, does not permit a conclusion that Kerr-McGee's version was a pretext for age discrimination. See Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir.1988) ("As courts are not free to second guess an employer's business judgment, this assertion [that plaintiff was equally or more qualified than the people retained] is insufficient to permit a finding of pretext."). This circuit's view is that a plaintiff cannot prevail by merely challenging in general terms the accuracy of a performance evaluation which the employer relied on in making an employment decision without any additional evidence (over and above that of the prima facie case) of age discrimination. See id. (citing Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1223 (7th Cir.1980)); accord Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1508 (5th Cir.1988). Thus, plaintiff's general dispute concerning his job performance, in the absence of any other evidence of age discrimination, does not provide a sufficient basis for a jury to infer that Kerr-McGee terminated plaintiff on the basis of his age.
 
 
 14
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the causes are REMANDED with directions to enter judgment for defendant Kerr-McGee.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The unnumbered "Statement of Facts" section of plaintiff's brief also makes a number of factual claims. Essentially, this part of plaintiff's brief serves to introduce the claims he later elaborates on and characterizes as evidence of age discrimination. However, there is one assertion in the "Statement of Facts" which is made in conclusory fashion and never raised again that, we believe, must be disposed of right up front. This is plaintiff's statement that "[t]here was evidence that the [reduction in force] was not necessary since [Kerr-McGee] continued to hire new geologists." This claim is unfounded. The record indicates that only a fraction of the total number of employees terminated by Kerr-McGee to reduce its work force was ever offset by new hirees in 1986, the majority of whom were in the protected age group and hired long after plaintiff's termination. See Addendum to Brief of Appellant at 17. At most, the evidence may show that Kerr-McGee was merely unable to achieve its reduction in force with absolute surgical precision. However, the evidence does not even begin to suggest that Kerr-McGee's reduction in force was unnecessary
 
 
 [3]
 Plaintiff, in his brief, offers slightly different numbers for the March 1986 reduction in force. Specifically, plaintiff asserts that a total of fourteen geologists were let go in March 1986, with six of the twelve geologists over forty leaving and eight of the thirty-nine under forty leaving. See Brief of Appellant at "Statement of Facts" (no page number in brief). However, plaintiff also expressly adopts the statistical data provided by Gene Ratcliff to further support his statistical argument. Id. Because there is absolutely no evidence in the record to support plaintiff's assertion that fourteen geologists were let go in March 1986, (indeed, plaintiff himself testified at trial that eight geologists were let go in March 1986, see Tr. 87-88), we have looked solely to the testimony of Gene Ratcliff regarding how many geologists were terminated in March 1986 and into what age groups they fell
 Kerr-McGee, in its brief, attempts to refute any inference of age discrimination that arises out of the numbers given by Gene Ratcliff by offering statistics which show that the average age and the percentage of geologists over forty employed by Kerr-McGee remained the same after 1986. See Brief of Appellant at 25. However, Kerr-McGee premises this argument on the total number of geologists terminated during both the March 1986 reduction in force and a subsequent reduction in force in September 1986. Because we are required, at this juncture, to view the evidence in the light most favorable to plaintiff, see Zimmerman, 848 F.2d at 1051, our review is limited to whether the more disparate statistics based on the March 1986 reduction in force permit an inference of age discrimination.