**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

OLIVIA M. SALAS,

      Plaintiff-Appellant,

v.

JERRY JOY, ELOY GONZALES,
WESTERN NEW MEXICO
UNIVERSITY BOARD OF
REGENTS, WESTERN NEW
MEXICO UNIVERSITY,

      Defendants-Appellees.

No. 96-2079
(D.C. No. CIV-95-86-BB)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Olivia M. Salas appeals from a jury verdict in favor of defendants in her Title VII, 42 U.S.C. §§ 2000e-e17, gender discrimination claim. She also appeals from the district court's order granting judgment as a matter of law in favor of defendants in her Age Discrimination Employment Act (ADEA), 29 U.S.C. §§ 621-34, claim, its order granting summary judgment in favor of defendants in her 42 U.S.C. § 1983 First Amendment retaliatory discharge claim and her Fourteenth Amendment equal protection claim, and its order denying her leave to amend her complaint. We affirm. The parties are familiar with the facts of this case, so we will not repeat them here.

Sufficiency of the Evidence

Plaintiff first contends the jury's verdict against her on her gender discrimination claim is not supported by substantial evidence. However, plaintiff failed to move for judgment as a matter of law at the end of all the evidence. See Fed. R. Civ. P. 50(a). By virtue of this failure, she has forfeited her opportunity to secure appellate review of the sufficiency of the evidence. See Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993) (using the

terminology of the pre-1991 version of Fed. R. Civ. P. 50). Furthermore, even had the error been properly preserved, we find the evidence sufficient to support the jury's findings. We therefore decline to disturb the verdict of the jury.

Age Discrimination

Plaintiff contends the district court's grant of judgment as a matter of law in favor of defendants on her ADEA claim was error in light of the subsequently-issued opinion of the Supreme Court in O'Connor v. Consolidated Coin Caterers Corp., 116 S. Ct. 1307 (1996). In that case, the Supreme Court made it clear that a plaintiff need not be replaced by someone outside the protected class (that is, replaced by someone under age forty) in order to establish an ADEA violation: "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out because of his age." Id., 116 S. Ct. at 1310.

"An employee alleging intentional discrimination under the ADEA must prove that age was a 'determinative factor' in the defendant employer's action toward him." Cooper v. Asplundh Tree Expert Co., 836 F.2d 1544, 1547 (10th Cir. 1988) (citation and emphasis omitted). "Age need not be the sole reason for the employer's acts, but the plaintiff must show that age 'made a difference' in the employer's decision." Id. (citation and emphasis omitted).

In granting judgment as a matter of law, the district court stated that plaintiff had failed to establish a prima facie case of age discrimination under the ADEA. However, after a full trial on the merits, the issue of whether a plaintiff has proved a prima facie case "drops out, and we are left with the single overarching issue whether plaintiff adduced sufficient evidence to warrant a jury's determination that adverse employment action was taken against him on the basis of age." Fallis v. Kerr-McGee Corp., 944 F.2d 743, 744 (10th Cir. 1991). We find that plaintiff did not.

After reviewing the record de novo, Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1464 (10th Cir. 1994), and construing the factual record and all reasonable inferences therefrom in the light most favorable to plaintiff, see id., we determine that plaintiff failed to present evidence adequate to create an inference that her contract was not renewed because of her age. Contrary to plaintiff's assertion, the basis of the district court's action was not merely plaintiff's failure to demonstrate she was replaced by someone younger than age forty, but also her failure to present evidence she was performing the requirements of her job, that defendants' reasons for not renewing her contract were pretexual, or that age was in any way a factor in defendants' action. Thus, the district court did not err in granting judgment as a matter of law in favor of defendants on plaintiff's age discrimination claim.

## Retaliatory Discharge

Plaintiff contends the district court erred in granting summary judgment in favor of defendants on her § 1983 First Amendment retaliatory discharge claim. To establish a retaliatory discharge by an employer based on the exercise of First Amendment speech rights, the employee must first establish the employee's speech involved a matter of public concern, and not merely a personal issue internal to the workplace. Connick v. Myers, 461 U.S. 138, 146-47 (1983); Moore v. City of Wynnewood, 57 F.3d 924, 931 (10th Cir. 1995). This inquiry is a question of law for the court. Johnsen v. Independent School Dist. No. 3, 891 F.2d 1485, 1489 n.3 (10th Cir. 1989). "We review a district court's grant of summary judgment de novo, applying the same legal standard" as the district court. Bunger v. University of Okla. Bd. of Regents, 95 F.3d 987, 990 (10th Cir. 1996).

Speech involving public concern can "be fairly considered as relating to any matter of political, social, or other concern to the community." Connick, 461 U.S. at 146. Determining whether speech is a matter of public concern, as opposed to matters related only to personal interest, depends on the "content, form, and context of a given statement, as revealed by the whole record." Id. at 147-48. "To be protected speech, the expression must sufficiently inform the issue as to be helpful to the public in evaluating the conduct of government."

Withiam v. Baptist Health Care of Okla., Inc., 98 F.3d 581, 583 (10th Cir. 1996) (quotation and emphasis omitted). In deciding how to classify particular speech, courts consider the motive of the speaker and whether the speech was calculated to redress personal grievances or whether it addressed a broader public purpose. See David v. City & County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996).

Plaintiff asserts that her termination was in retaliation for complaining to state GED officials that Western New Mexico University (WNMU) officials wanted her to give them GED test scores without authorization from GED applicants. Although plaintiff's prior practice had been to release GED test scores to her supervisor and the director of WNMU's Adult Basic Education (ABE) program, it was undisputed that plaintiff altered the GED application form to eliminate the general authorization to release GED test scores, but did not notify her supervisor, the ABE director or any other WNMU official of this modification. It was also undisputed that plaintiff continued to release test scores to WNMU's ABE director after she modified the GED form, and only refused to release test scores to him and to her supervisor after they raised complaints of personnel and communication problems they were having with plaintiff. It was also undisputed that during the time plaintiff was refusing to release the GED test scores to her supervisor and the ABE director, allegedly because it would violate GED confidentiality, she continued to release the scores to their supervisor.

Considering the content and context of plaintiff's speech, it is clear plaintiff was airing a grievance of a personal nature, and thus the speech did not touch upon a matter of public concern, and defendants were entitled to summary judgment.

## Fourteenth Amendment

Plaintiff also contends the district court erred in granting summary judgment in favor of defendants on her Fourteenth Amendment equal protection claim. Plaintiff does not argue that her equal protection claim differs in any respect from her ADEA and Title VII discrimination claims. Thus, the jury's finding that she did not establish that defendants discriminated against her on the basis of national origin or gender, and our holding that plaintiff failed to present sufficient evidence to support a claim of age discrimination would dispose of her equal protection claim.

## Leave to Amend Complaint

Finally, plaintiff contends the district court abused its discretion in denying her leave to amend her complaint. The district court denied the motion because it was made within two weeks of the start of trial and because the discovery cut-off had passed. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . ." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Thus, we hold that the district court did not abuse its discretion by denying the motion.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge