**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————————

ALWIN NING,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
ENVIRONMENT QUALITY;
OKLAHOMA STATE DEPARTMENT
OF HEALTH, both agencies of the
State of Oklahoma,

      Defendants-Appellees.

No. 96-6372
(D.C. No. CIV-95-1087-L)
(W.D. Okla.)

———————————————

ORDER AND JUDGMENT[*]

———————————————

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Alwin Ning, appearing pro se, appeals the district court's summary judgment in favor of defendants, the Oklahoma Department of Environmental Quality and the Oklahoma State Department of Health. Because plaintiff has not shown the existence of a genuine issue of material fact, and because defendants are entitled to judgment as a matter of law, we affirm.

Plaintiff, a Chinese-American, has been employed by the Oklahoma Department of Environmental Quality since 1973.[1] In 1982, he filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC), alleging that he had been denied a promotion to a director position based on his race and/or national origin. In an EEOC-brokered agreement, the parties agreed that "in the absence of Larry Byrum from his official duties, Alwin Ning will act in the capacity of Acting Director of Air Monitoring and Analysis Division." R., doc. 12, ex. F. Plaintiff contends that this agreement has never been honored.

In July 1990, and again in August 1990, plaintiff filed discrimination charges with the EEOC, alleging that he had been subjected to discriminatory

---

[1] Before July 1993, plaintiff worked in the Air Monitoring and Analysis Division of the Air Quality Service, which was a component of the Oklahoma State Department of Health. On July 1, 1993, the Air Quality Service was transferred to the newly-created Department of Environmental Quality. For purposes of this appeal, plaintiff's employer will be referred to as the Department of Environmental Quality.

treatment with respect to training opportunities and remuneration, and that he had been subjected to retaliation for filing the previous charges. Although the exact date is disputed, plaintiff received right-to-sue letters, at the latest, on February 28, 1994.

On June 1, 1993, Division Director Larry Byrum was promoted to Service Chief of the Air Quality Service, and on July 1, 1993, the Air Quality Service transferred to the Department of Environmental Quality. The vacant division director position was announced in August 1993, and plaintiff was one of six applicants for the position. In December 1993, a white male, whom the agency believed to be more experienced, was hired to fill the position. In January 1994, plaintiff filed a charge with the EEOC, alleging that the promotion denial and the failure to honor the EEOC-brokered agreement were the result of discrimination and retaliation for plaintiff's former charges. On April 20, 1995, the EEOC issued plaintiff a right-to-sue letter on the 1994 charges.

Plaintiff brought this action on July 19, 1995, alleging that he had been subjected to discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended; that defendants' acts violated Oklahoma public policy; and that defendants had breached the EEOC-brokered settlement agreement. The district court dismissed the public policy claim because plaintiff had not been terminated and because the Eleventh Amendment barred the claim.

The court then granted summary judgment on the Title VII claims arising out of the 1990 EEOC charges as untimely, on the Title VII claim arising out of the 1994 charge for failure to demonstrate a factual issue regarding pretext, and on the breach of contract claim based on the Eleventh Amendment. Plaintiff appeals only the grant of summary judgment on the Title VII claim arising out of the 1994 charge and the breach of contract claim.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. See Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). To survive summary judgment, however, the nonmoving party cannot rest on its pleadings and must "make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

We examine first whether plaintiff met his burden of showing a genuine issue of material fact as to his employer's motivation in failing to promote him to division director. To survive summary judgment on his Title VII disparate

-4-

treatment claim, plaintiff was required to produce evidence that he was subjected to intentional discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). We evaluate plaintiff's evidence pursuant to the burden-shifting scheme first announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Burdine, 450 U.S. at 252.

Under this framework, plaintiff had the initial burden of showing a prima facie case of discrimination. He met this burden by showing that he is a member of a protected class; that he applied for and was qualified for the director position; that he was rejected despite his qualifications; and that the position was filled by a white applicant. See id. at 253 & n.6. The burden then shifted to defendant to show a legitimate, nondiscriminatory reason for its employment decision. See id. at 254. Defendant met this burden through evidence that it considered the person hired for the position to be more qualified than plaintiff.

The burden then reverted to plaintiff to show that defendant's proffered reason was not the true reason for the employment decision. Plaintiff could meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 256. A showing of pretext, in itself, is all that is required to raise the inference of discriminatory intent, no additional showing of actual discriminatory animus is necessary. See

Randle v. City of Aurora, 69 F.3d 441, 451-52 & n.17 (10th Cir. 1995) (rejecting pretext-plus standard).

Plaintiff argues that he produced sufficient evidence of pretext to survive summary judgment, and that the district court erred in requiring additional evidence of defendant's discriminatory intent. After reviewing the district court's order, we conclude that summary judgment was granted because plaintiff failed to raise a factual issue regarding pretext, and not because he failed to produce additional evidence of discrimination. The district court noted that plaintiff's evidence consisted simply of his belief that he was more qualified than the person hired, and statements in the pleadings that the evidence at trial would show discrimination and pretext. We agree with the district court that this evidence is insufficient to meet plaintiff's burden.

The record shows that the successful applicant had held the position of division director previously, had extensive experience developing and implementing programs, and had more experience working with boards, councils, and legislative matters than plaintiff. Objectively, therefore, the successful applicant had qualifications that plaintiff lacked. Even if we assume that plaintiff's extensive experience in air quality management rendered him equally qualified, an employer does not violate Title VII by choosing among equally qualified candidates, so long as the decision is not based on unlawful criteria.

See Burdine, 450 U.S. at 259. Absent evidence that one candidate is "overwhelmingly better qualified," pretext cannot be shown simply by comparing plaintiff's qualifications with those of the successful applicant. Sanchez v. Philip Morris Inc., 992 F.2d 244, 247-48 (10th Cir. 1993); see also Fallis v. Kerr-McGee Corp., 944 F.2d 743, 747 (10th Cir. 1991) (holding that mere disagreement with employer's evaluation of which geologists were best qualified, standing alone, could not support finding of pretext); Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ( "As courts are not free to second-guess an employer's business judgment, this assertion [that plaintiff was equally or more qualified] is insufficient to support a finding of pretext.").

Plaintiff argues also that the district court erred in granting summary judgment on his claim for breach of the settlement agreement. He argues that the agreement created a constitutionally protected property interest in the Acting Director position, and that, therefore, it could be enforced in federal court. Because plaintiff's complaint did not include a due process claim, however, this argument does not provide a basis for reversing the court's judgment. Even if plaintiff had brought a due process claim, defendants would have been entitled to summary judgment, both because they are not "persons" under 42 U.S.C. § 1983, and because Congress has not abrogated Eleventh Amendment immunity for civil rights actions. See Howlett ex. rel Howlett v. Rose, 496 U.S. 356, 376 (1990)

(§ 1983); <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989) (Eleventh Amendment). We do not address whether the State's Eleventh Amendment immunity was abrogated on the basis that an EEOC-brokered agreement arises under Title VII whereas a privately-settled Title VII action does not; plaintiff did not present this issue to the district court and does not raise it on appeal. <u>See</u> <u>National Commodity & Barter Ass'n v. Gibbs</u>, 886 F.2d 1240, 1244 (10th Cir. 1989) ("[W]e are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below.").

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge