Henry F. CLASSE, Plaintiff–Appellant,

v.

**WHIRLPOOL CORPORATION,**
Defendant–Appellee.

No. 01–5080.

United States Court of Appeals,
Tenth Circuit.

May 22, 2002.

---

Before EBEL, HOLLOWAY and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT *

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Henry F. Classe appeals the district court's grant of summary judgment in favor of his employer, Whirlpool Corporation, in his action alleging Whirlpool terminated his employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. We affirm.

## BACKGROUND

Classe had been employed by Whirlpool as a Senior Tool Engineer from 1989 until 1997, when he was terminated at age sixty-three. He was responsible for procuring tools and dies for one of Whirlpool's oven manufacturing plants. Classe received acceptable performance evaluations in 1993 and 1994. In 1995 and 1996, however, Whirlpool encountered numerous problems with the parts and processes for which Classe was responsible. In detailed evaluations of Classe's 1995 and 1996 job performance, Classe's supervisor, Jay Kiesel described the problems, including numerous late deliveries and dies that did not operate correctly, resulting in numerous schedule and cost overruns. In these evaluations, Kiesel blamed Classe's poor management and leadership skills, failure to adequately monitor, assess or communicate schedule slippages, failure to accept responsibility, and failure to effectively work in the factory's team environment. Kiesel rated Classe's overall job performance in both 1995 and 1996 as needing improvement. In early 1997, Whirlpool placed Classe on probation, giving him sixty days to make specific job performance improvements. Whirlpool terminated his employment when Classe failed to make the required improvements during the probation period.

Classe sued Whirlpool, claiming he was terminated because of his age. On Whirlpool's motion for summary judgment, the district court held that Classe presented a prima facie case of age discrimination, but failed to raise a genuine issue of fact as to whether Whirlpool's proffered reason for its termination decision was a pretext for discrimination. This appeal followed.

## ANALYSIS

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Kendrick v. Penske Transp. Servs., Inc.,* 220 F.3d 1220, 1225 (10th Cir. 2000).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. When applying this standard, we

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Id.* (citations and quotations omitted).

Employing the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the district court ruled that Classe presented a prima facie case of age discrimination by showing (1) he was within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) a younger person replaced him. *See Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir.1994). Whirlpool rebutted Classe's prima facie case of discrimination, however, by articulating a legitimate, nondiscriminatory reason for terminating him. *See id.* Whirlpool presented extensive evidence of Classe's poor job performance during the two years prior to his termination, including his poor job evaluations, his failure to improve during the probation period, and testimony from his supervisors and co-workers describing the problems with Classe's performance.

The district court ruled that Classe failed to present sufficient evidence that Whirlpool's proffered reason was a pretext for age discrimination. *See Randle v. City of Aurora,* 69 F.3d 441, 451 (10th Cir.1995). To establish pretext, a plaintiff must show "either ... that a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

On appeal, Classe argues the district court failed to view the evidence in the light most favorable to him. Classe first contends that pretext could be inferred from the district court's rejection of Whirlpool's argument that it did not replace him with a younger worker. He claims the court found Whirlpool's explanation unworthy of credence, and, from that, a jury could infer that Whirlpool's explanation for terminating him was also unworthy of credence. This argument is without merit. It was undisputed that Whirlpool distributed Classe's responsibilities among numerous workers, from which Whirlpool made a good faith legal argument that these facts did not support a legal conclusion that it replaced Classe with a younger worker. *See Lilley v. BTM Corp.,* 958 F.2d 746, 752 (6th Cir.1992). The district court's rejection of this legal argument cannot be construed as a credibility determination from which pretext can be inferred.

Next, Classe cites his own testimony in an attempt to challenge Kiesel's job evaluations, claiming (1) Kiesel lacked the background, experience and knowledge to evaluate him adequately, (2) Whirlpool failed to make clear his job responsibilities, and (3) he was not counseled about his alleged leadership deficiencies. Classe's arguments fail to raise a fact question whether Whirlpool's explanation for his discharge was a pretext for age discrimination. A plaintiff cannot demonstrate pretext "by merely challenging in general terms the accuracy of a performance evaluation which the employer relied on in making an employment decision without any additional evidence (over and above that of the prima facie case) of age discrimination." *Fallis v. Kerr–McGee Corp.,* 944 F.2d 743, 747 (10th Cir.1991). Moreover, "[i]t is the manager's perception of the employee's performance that is relevant, not plaintiff's subjective evaluation of his own relative performance." *Furr v. Seagate Tech., Inc.,* 82 F.3d 980, 988 (10th Cir.1996).

Classe also contends that Kiesel and another Whirlpool manager made derogatory age-related comments to him which constitute evidence that Kiesel's performance evaluations were made with dis-

criminatory animus. We agree with the district court that these "[i]solated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions." *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 531 (10th Cir.1994).

We conclude that, contrary to Classe's contentions, the district court did view the evidence in the light most favorable to Classe, did apply the correct legal standards, and correctly ruled that Classe failed to present evidence that Whirlpool's proffered reason for terminating him was a pretext for age discrimination. Therefore, the district court properly granted summary judgment for Whirlpool on Classe's age discrimination claim.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.