**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ELVIS J. GRUBBS,

     Plaintiff - Appellant,

v.

THE SALVATION ARMY,

     Defendant - Appellee.

No. 14-3273
(D.C. No. 5:13-CV-04017-DDC-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Elvis Grubbs, proceeding pro se,[1] appeals from the district court's grant of

summary judgment in favor of his former employer, the Salvation Army. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Grubbs' pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I

Grubbs, a Native American man in his mid-fifties, was employed by the Salvation Army as a thrift store clerk from November 2010 to January 2012. His duties as clerk included stocking, cleaning, and arranging merchandise, and other duties as assigned. Shortly after he was hired, Grubbs was trained to sort "bric-a-brac," a task that involves placing products into grocery carts at the back of the store and restocking items on store shelves. Initially, a white male employee who was younger than Grubbs was primarily responsible for bric-a-brac. After that employee was fired, one of Grubbs' supervisors took over responsibility for bric-a-brac. Grubbs himself increasingly assisted with the bric-a-brac after that supervisor became pregnant. Eventually Grubbs spent approximately half his time at work sorting merchandise and the other half stocking merchandise.

Uncontroverted evidence in the record shows that Grubbs was absent from work or was admonished for substandard work performance on several occasions. On June 27, 2011, Grubbs failed to report to work due to car problems and he was issued a warning. He was issued a second warning on July 29, 2011, for failing to carry out his work assignments in a timely manner. On November 16, 2011, a manager noted that Grubbs was absent from work and failed to notify anybody at the store that he would be absent. Grubbs also left work early several times in January 2012. On January 12, 2012, Grubbs contacted his employer to report that he would arrive late to work because his transmission failed. A manager informed him that he would need to substantiate his excuse by providing a receipt for transmission work.

He never provided such a receipt.  The next day, Grubbs failed to report to work.  On January 14, when Grubbs returned to work, he was issued a third disciplinary warning for his absences and substandard performance.  He was suspended, and later terminated.

Grubbs then filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated on the basis of his gender, age, and ancestry.  The EEOC was unable to conclude from its investigation that the Salvation Army violated the law and it issued Grubbs a right to sue letter.  Grubbs subsequently filed suit in federal district court.  The district court determined that Grubbs had failed to establish a prima facie case of unlawful discrimination and had not presented evidence of pretext.  It accordingly granted summary judgment in favor of the Salvation Army.  Grubbs timely appealed.

**II**

We review the grant of summary judgment de novo, applying the same legal standard used by the district court.  Kent v. Martin, 252 F.3d 1141, 1143 (10th Cir. 2001).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In our review, we examine the evidence and draw reasonable inferences therefrom in the light most favorable to the non-moving party."  Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1129 (10th Cir. 2003).

Because Grubbs presents no direct evidence of illegal age, race, or gender discrimination, we evaluate his claim under the familiar burden-shifting framework

of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Garrett v. Hewlett-Packard Co.</u>, 305 F.3d 1210, 1216 (10th Cir. 2002). This approach involves three steps: "(1) the plaintiff's prima facie case of [unlawful] discrimination, (2) the defendant's legitimate business justification, and (3) the plaintiff's rebuttal showing of pretext and/or improper motivation." <u>Fallis v. Kerr-McGee Corp.</u>, 944 F.2d 743, 744 (10th Cir. 1991).

Even assuming that Grubbs established a prima facie case, we agree with the district court that he has not shown the Salvation Army's reasons for termination were pretextual. A plaintiff may "establish pretext by showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." <u>Santana v. City & Cnty. of Denver</u>, 488 F.3d 860, 864 (10th Cir. 2007) (quotation omitted).

The uncontroverted evidence shows that Grubbs was admonished for repeated absences, tardiness, and failure to perform his work in a timely manner. Although Grubbs provides various excuses and explanations for his absences and he denies that his performance was deficient, he does not dispute that the absences occurred or that he was admonished for his performance. At most, Grubbs asserts a general dispute

concerning his job performance.  It is well-settled that such a dispute, standing alone, does not establish pretext.  Fallis, 944 F.2d at 747.[2]

## III

The judgment of the district court is **AFFIRMED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] Construed liberally, Grubbs' appellate filings assert that various documents prepared by the Salvation Army violated his privacy rights; that the district court abused its discretion by forbidding Grubbs from directly contacting the Salvation Army or defense counsel after Grubbs allegedly engaged in harassing behavior; and that the district court ignored his "motion for review" of that requirement.  Because Grubbs fails to offer any substantive argument to support these issues, we consider them waived.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005).