**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARLENE DIXON, as Personal
Representative of the Estate of
Mary Aaron,

Plaintiff-Appellant,

v.

CHICAGO INSURANCE COMPANY,

Defendant-Appellee.

No. 00-2287
(D.C. No. CIV 99-1191 KBM/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Arlene Dixon, in her capacity as the personal representative of the estate of Mary Aaron, appeals from the district court's grant of summary judgment to defendant Chicago Insurance Company. Appellant received an award of both compensatory and punitive damages after a jury trial on her claims against Chicago's insured, Buena Vista Retirement Center. After paying the compensatory damages, Buena Vista filed for bankruptcy and, as part of a settlement agreement with appellant, assigned her its causes of action against Chicago. Appellant then filed this suit against Chicago seeking payment for the punitive damages award.

We review the district court's grant of summary judgment to Chicago *de novo*, applying the same standards as did the district court. *See Marathon Ashland Pipe Line LLC v. Md. Cas. Co.*, 243 F.3d 1232, 1236 (10th Cir. 2001). Because jurisdiction in the district court was based on diversity of the parties, requiring that we apply the law of the forum state, *see id.*, we agree with the parties that New Mexico law governs here.

The facts relevant to this case are undisputed. The insurance policy at issue here between Chicago and Buena Vista excluded coverage for punitive damages, but required Chicago to assume Buena Vista's defense on all issues. Appellant did not include punitive damages in her initial complaint, but added them into her first amended complaint, filed over thirteen months later. However, not until

after appellant filed to leave to amend her complaint a second time, almost nine months after the complaint was first amended, did Chicago inform Buena Vista's principal, Dr. Ghaffari, that punitive damages were not covered by the policy. At the time of Chicago's notice to Dr. Ghaffari on March 17, 1999, trial on the underlying case against Buena Vista was set for April 29, 1999, some six weeks later. On April 21, 1999, Chicago issued a formal reservation of rights letter to Buena Vista regarding the potential punitive damages. Trial was ultimately held on June 18, 1999. From the outset of the case, Chicago provided Buena Vista with a defense, hiring counsel recommended by Dr. Ghaffari. Dr. Ghaffari made inquiry with another attorney following Buena Vista's March 17, 1999 letter, but he declined to represent Buena Vista with regard to punitive damages, opining that it would be difficult to get additional counsel at that stage of the proceedings.

Before the district court, [1] appellant contended that, under New Mexico law, Chicago was estopped from asserting the punitive damages exclusion in the policy because Chicago had assumed and conducted Buena Vista's defense on all issues at trial and because it did not send notice of its reservation of rights on the punitive damages until shortly before trial was scheduled to begin. [2] The parties

---

[1] The parties consented to proceed before the magistrate judge on summary judgment, pursuant to 28 U.S.C. § 636(c); the magistrate judge's disposition is therefore the decision of the district court.

[2] Appellant had also raised claims alleging breach of contract and bad faith

(continued...)

-3-

filed cross motions for summary judgment and the district court ruled in Chicago's favor. The court held that, while estoppel could apply under these facts in light of Chicago's delay in reserving its rights as to the punitive damages coverage, the facts did not support a presumption of prejudice arising from that delay. The court further held that appellant was required to demonstrate prejudice, *i.e.*, detrimental reliance, on Chicago's assumption of the defense and its failure to reserve its rights as to punitive damages promptly after appellant's first claim for punitive damages. *See* Appellee's Supp. App. at 31 (Memorandum Opinion and Order). The court concluded that appellant had failed to come forward with "sufficient admissible evidence" demonstrating prejudice. *Id.* at 32. The court noted that Buena Vista had been represented by counsel of its own choosing and there was no evidence that the outcome of the trial would have differed had Buena Vista retained separate counsel. Also, the evidence showed that even had Buena Vista been able to locate counsel willing to take on representation as to the punitive damages after Buena Vista's March 17, 1999, notice, Buena Vista was financially unable to pay a retainer at that time.

---

[2](...continued)
by Chicago. The district court noted that appellant had not submitted evidence supporting these claims and ruled for Chicago on them as a matter of law. Appellant does not challenge this portion of the district court's order on appeal, and has therefore waived any issues with regard to these claims. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

On appeal, appellant continues to argue that Chicago is estopped from denying coverage of the punitive damages award, and contends that the district court's decision in Chicago's favor runs contrary to case law on point, namely *Braun v. Annesley*, 936 F.2d 1105 (10th Cir. 1991), *Pendleton v. Pan American Fire & Casualty Co.*, 317 F.2d 96 (10th Cir. 1963), and *American General Fire & Casualty Co. v. Progressive Casualty Co.*, 799 P.2d 1113 (N.M. 1990). *See* Appellant's Br. at 6-8. These decisions deal with circumstances where no reservation of rights was ever made by the insurer, a point on which the district court relied to distinguish them. Appellant contends that there should be no difference between the result in these cases-- *i.e.*, the application of estoppel and the presumption of prejudice--and her case, where Chicago's reservation was made nine months after her first claim for punitive damages, and only a few months before trial. She further asserts that this court must overrule its decisions in *Pendleton* and *Braun* and ignore the New Mexico Supreme Court's decision in *American General* in order to affirm the district court's ruling that prejudice must be shown. *See* Appellant's Br. at 12; Reply Br. at 5. We disagree. The district court appropriately distinguished those cases where no reservation of rights occurred at any time, and correctly concluded that prejudice should not be presumed where Chicago did tender a reservation of rights, albeit late in the litigation. Because the cases appellant cites are distinguishable on an important

factual point--the existence of a reservation of rights--the district court's decision does not ignore applicable state law and our decision to affirm that decision does not require that we overrule prior precedent of this court.

Appellant also argues on appeal that she did show prejudice, based in part on arguments apparently not presented to the district court. *See* Appellant's Br . at 12-15; Reply Br. at 3-5. [3] We will not consider theories which were not presented to the district court on summary judgment. *See Martinez v. Wyo. Dep't of Family Servs.* , 218 F.3d 1133, 1138 n.2 (10th Cir. 2000). After our review of the record on appeal, we agree with the district court that the undisputed evidence shows counsel provided Buena Vista with "an uncompromised and vigorous defense of the punitive damages allegations." Appellee's Supp. App. at 32. [4]

---

[3] Appellant's appendix does not contain a copy of appellant's response to Chicago's cross-motion for summary judgment , although the district court docket sheet indicates that a response was filed. Appellant may have raised these arguments in her response, but it is her duty under our rules to "file an appendix sufficient for considering and deciding the issues on appeal." 10th Cir. R. 30.1(A)(1). When a party "fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th Cir. R. 10.3(B).

[4] In her reply brief, appellant disputes this conclusion and takes issue with statements contained in counsel's affidavit, which was attached to Chicago's response to appellant's summary judgment motion. Appellant's App. at 153-57. These arguments were not presented to the district court and therefore will not be considered on appeal. *See Martinez* , 218 F.3d at 1138 n.2. For this same reason, this court denies appellant's request to remand the case to the district court so that she can show prejudice. Appellant's explanation that she did not think it necessary to present evidence demonstrating prejudice is belied by her memorandum in support of her motion for summary judgment, wherein she

(continued...)

Appellant did not demonstrate prejudice resulting from Chicago's late reservation of rights.

Finally, we address appellant's request for certification of this issue to the New Mexico Supreme Court, included in her appellate reply brief. We agree with appellee that appellant's request is both untimely and violative of this court's rules. *See* 10th Cir. R. 27.1(C) (stating that a request for certification should be made in a separate motion and at the same time as the movant's merits brief). Further, we disagree with appellant that the district court's decision results in a "strained and nonsensical" interpretation of New Mexico law, as noted above, and deny her request.

---

[4](...continued)
acknowledged the possibility that she might have to show prejudice. Appellant's App. at 28-29. In any case, her burden on summary judgment was to come forward with evidence demonstrating that she was entitled to judgment as a matter of law. "[T]o preserve the integrity of the appellate structure, we should not be considered 'a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time." *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997) (citation omitted). Parties are "encouraged to 'give it everything they've got' at the trial level." *Id.*

Therefore, for substantially the reasons contained in the district court's Memorandum Opinion and Order dated July 13, 2000, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge